IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Case No. 1:15-cr-135 |
| v. | ) |
| MICHELLE M. BORZILLO, | ) |
| Respondent. | ) |

## Memorandum Opinion

THIS MATTER comes before the Court on Defendant Michelle M. Borzillo's ("Defendant") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

On November 17, 2015, Defendant pleaded guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344. In the written plea agreement, Defendant agreed that "restitution is mandatory pursuant to 18 U.S.C. § 3663A," and that "victims of the conduct described in the charging instrument, statement of facts or any related or similar conduct shall be entitled to restitution." In the plea colloquy, Defendant acknowledged that she had read and reviewed the plea agreement with her attorney. She made no claim of innocence and admitted there was a factual basis for her plea of guilty. Defendant stipulated to the facts in the statement of facts, which was incorporated into the plea agreement.

The factual basis for Defendant's guilty plea is that she defrauded Wells Fargo Bank of $288,497.00. She defrauded Wells Fargo through a fraudulent short sale of her home in Nokesville, Virginia. As a result of the fraudulent short sale, Wells Fargo agreed to extinguish her remaining mortgage debt on her home. Defendant's mortgage debt with Wells Fargo extinguished through the short sale included $166,499.00 from a first mortgage and $118,988.00 from a second mortgage. Defendant also fraudulently obtained $3,000 for relocation assistance from Wells Fargo; she did not use this money to relocate because she continued living in the Nokesville property with her boyfriend, who had purchased the property in the short sale.

On February 19, 2016, this Court sentenced Defendant to twelve months and one day imprisonment, two years of supervised release, and ordered Defendant to pay full restitution of the §288,497.00 that she defrauded Wells Fargo. At the sentencing hearing, this Court heard extensive arguments on the issue of restitution. Like her present § 2255 motion argument, Defendant argued at the sentencing hearing that she should not be forced to pay restitution because Wells Fargo was not damaged. That argument was unsuccessful both before this Court and the Fourth Circuit. The Fourth Circuit dismissed Defendant's appeal because Defendant knowingly and intelligently waived her right to appeal her sentence, including the restitution order.

28 U.S.C. § 2255 may be used to challenge a sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The petitioner bears the burden of proving the grounds for relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

In her first ground for relief, Defendant asserts that she received ineffective assistance of counsel because she could not appeal her restitution obligation. In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court established a two-part test for evaluating claims for ineffective assistance of counsel: (1) counsel's performance was objectively unreasonable; (2) the deficient performance prejudiced the defense. Id. at 687-88. An ineffective assistance of counsel claim will fail if the moving party cannot make the required showing of either deficient performance or sufficient prejudice. Id. at 700.

For the first prong of the test, objective reasonableness is "simply reasonableness under prevailing professional norms" regarding the representation. Id. at 688. There is a strong

3

presumption that counsel rendered adequate assistance and made all significant decisions with reasonable professional judgment. Id. at 689-90; see, e.g., United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004). Review of counsel's performance must be comprehensive and not narrowly limited to counsel's failings in determining whether the presumption of adequate assistance has been overcome, Strickland, 466 U.S. at 691, and courts should be reluctant to second guess the tactics of trial lawyers. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1997).

For the second prong of the test, a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 669. In the context of plea bargaining, a petitioner must show that "the outcome of the plea process would have been different with competent advice." Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012).

Here, Defendant can satisfy neither prong of the Strickland test. Defendant argues that in her plea she "reserved the right [to] contest restitution obligation and amount." She also claims that she was unaware that her "counsel had not reserved the right to appeal restitution." Defendant claims that she did not realize she had waived her right to appeal the restitution order until the decision of the Fourth Circuit denying her appeal of the restitution order. This argument is contradicted by the

4

record, which shows that Defendant's counsel provided extensive argument on the restitution issue at sentencing.

Furthermore, even if her attorney had failed to inform her that a guilty plea waived her right to appeal, Defendant has not proven or even argued that this alleged lack of effective advice was prejudicial to her defense. Unless Defendant can prove that this lack of advice led her to pleading guilty rather than going to trial, Defendant cannot satisfy her burden to show that her counsel's performance was prejudicial under Strickland. See Hill v. Lockhart, 474 U.S. 52, 58 (1985) (stating that prejudice in the context of a guilty plea means that but for counsel's errors there is a reasonable probability the defendant would have gone to trial rather than plead guilty). Thus, Defendant has failed to prove that her counsel provided ineffective assistance.

In her second ground for relief, Defendant argues that her sentence of restitution is illegal. This issue was previously decided on direct appeal to the Fourth Circuit, which dismissed the appeal because Defendant had waived her right to appeal the restitution order. Without highly exceptional circumstances, a § 2255 motion may not be used to relitigate an issue decided on direct appeal. See Jones v. United States, 178 F.3d 790, 796 (1999). The record establishes that Defendant, a trained and experienced attorney, knowingly and willingly waived her right to appeal both her conviction and sentence. She signed her name

5

to the plea agreement in which she agreed that restitution was mandatory and that the restitution order would cover any losses of the victims. While under oath, Defendant acknowledged reading and reviewing the agreement with her attorney. As a result of her plea, Defendant waived her right to appeal. Thus, Defendant is barred from relitigating the restitution order in her § 2255 motion, and she is not entitled to relief on this ground.

Even if her argument on the legality of the restitution order was not barred, Defendant's argument lacks merit. Under the applicable Fourth Circuit precedent, this Court fulfilled its legal requirements in sentencing. The sentencing court must make specific factual findings to support a restitution order. This requirement is satisfied if the sentencing court adopts a presentence report that contains adequate factual findings with respect to the restitution amount. See United States v. Karam, 201 F.3d 320, 329 (4th Cir. 2000). Here, the evidence indicated that Wells Fargo wrote off $285,497 in combined losses on the two mortgages and $3,000 in relocation assistance payments. The total of those losses equals the amount of restitution ordered. Thus, this Court has satisfied its obligation to make specific factual findings on restitution.

Finally, this Court finds that an evidentiary hearing on this petition is not necessary. As the Fourth Circuit held in Raines v. United States, "[i]t is within the discretion of the

6

district judge to deny without a hearing Section 2255 motions which state only legal conclusions with no supporting factual allegations. Allegations of a vague, conclusory or palpably incredible nature do not raise factual issues which require a full hearing." 423 F.2d 526, 531 (4th Cir. 1970).

For the foregoing reasons, this Court finds that both of the grounds Defendant relies on to support her § 2255 motion are without merit. Therefore, Defendant's § 2255 motion is DENIED.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
March 10, 2017